UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 MAY 14 P 12: 09

CLERK OF COURT

| | |
|---|---|
| JOHN E. WICKS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: (To be assigned) |
| | ) **Jury Demand** |
| ALDRICH CHEMICAL CO., LLC, | ) |
| Defendant. | ) |

26-C 849

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. INTRODUCTION

1. This is an action for unlawful retaliation in violation of **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. § 2000e et seq.

2. Plaintiff John E. Wicks ("Plaintiff") was subjected to escalating and unjustified disciplinary action after engaging in protected activity, including complaints regarding workplace practices and unequal treatment.

3. Defendant Aldrich Chemical Co. LLC ("Defendant") imposed and manipulated performance discipline, including multiple Performance Improvement Plans ("PIPs"), in a manner inconsistent with its own policies and procedures, ultimately resulting in adverse employment action against Plaintiff.

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to **28 U.S.C. § 1331** and **42 U.S.C. § 2000e-5(f)(3)**.

5. Venue is proper in the Eastern District of Wisconsin because the unlawful employment practices occurred within this district.

1
COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## III. PARTIES

6. Plaintiff **John E. Wicks** is an individual residing in the State of Wisconsin.
7. Defendant **Aldrich Chemical Co. LLC** is an employer doing business in Wisconsin and is subject to Title VII.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").
9. The EEOC issued a **Notice of Right to Sue dated February 20, 2026**.
10. Plaintiff brings this action within ninety (90) days of receipt of that notice.

## V. FACTUAL ALLEGATIONS

### A. Employment and Performance History

11. Plaintiff was employed by Defendant and performed his job duties satisfactorily.
12. Prior to the events described herein, Plaintiff was capable of performing his job and was not subject to consistent disciplinary issues warranting termination.

### B. First Performance Improvement Plan (PIP)

13. Defendant placed Plaintiff on a **90-day Performance Improvement Plan ("PIP")**.
14. Defendant's policies required **bi-weekly performance meetings** during the PIP period.
15. Defendant **failed to conduct the required bi-weekly meetings**, in violation of its own procedures.

### C. Improper Extension and Second PIP

16. After the first PIP concluded, Defendant issued an additional PIP approximately **57 days later**.

17. Defendant characterized the second PIP as an "extension," despite the prior PIP having already run its course.

18. The second PIP was imposed **without new rule violations or policy breaches by Plaintiff.**

19. This inconsistent and unjustified discipline deviated from Defendant's established policies and practices.

## D. Protected Activity and Retaliatory Conduct

20. Plaintiff engaged in protected activity by opposing and reporting discriminatory treatment in the workplace, including complaints to management regarding unequal enforcement of company policies and treatment based on protected characteristics.

21. Within a short time after Plaintiff's complaints, Defendant began escalating disciplinary actions against him, including the imposition of additional and unjustified performance measures, demonstrating a causal connection between Plaintiff's protected activity and the adverse actions taken.

22. Following Plaintiff's protected activity, Defendant escalated disciplinary actions against him.

23. These actions culminated in adverse employment action against Plaintiff, including:

    - Termination;
    - Constructive discharge; and
    - Material change in employment conditions.

24. Defendant's conduct included:

    - Imposing additional discipline without justification;
    - Failing to follow internal policies; and
    - Extending discipline beyond prescribed timeframes.

25. Plaintiff was also subjected to unequal treatment regarding compensation and workplace opportunities, including exclusion from Defendant's incentive pay program, while other similarly situated employees received monthly incentive compensation.

26. Upon information and belief, employees outside Plaintiff's protected class and/or employees who did not engage in protected activity were treated more favorably with respect to discipline, compensation, and workplace opportunities.

3
COMPLAINT FOR EMPLOYMENT DISCRIMINATION

27. Defendant selectively enforced workplace rules and disciplinary measures against Plaintiff in a manner inconsistent with its treatment of other employees.

**E. Evidence of Pretext and Inconsistent Justifications**

28. Defendant's stated reasons for disciplining Plaintiff are inconsistent and not credible.

29. Witness testimony exists confirming discriminatory, retaliatory, and inappropriate remarks by supervisory personnel, including references to Plaintiff being placed on a "shit list" f following workplace complaints and protected activity.

30. The conduct and statements of supervisory personnel contributed to a discriminatory and retaliatory workplace atmosphere directed toward Plaintiff.

31. Defendant treated similarly situated employees more favorably, including with respect to incentive compensation, disciplinary enforcement, and workplace opportunities.

32. Plaintiff was denied incentive compensation and subjected to heightened scrutiny and discipline under standards not equally applied to other employees.

33. Defendant relied on testimony from individuals without firsthand knowledge, while disregarding witnesses who directly observed the conduct.

34. Defendant's repeated deviation from its own established policies and procedures, including failure to follow mandatory PIP protocols and imposing successive discipline without justification, demonstrates that its stated reasons for disciplining Plaintiff were pretextual and not the true basis for its actions.

## VI. CAUSE OF ACTION

## COUNT I – RETALIATION (Title VII)

35. Plaintiff incorporates all preceding paragraphs.

36. Plaintiff engaged in protected activity under Title VII.

37. Defendant subjected Plaintiff to adverse employment actions.

38. There is a causal connection between Plaintiff's protected activity and Defendant's actions.

39. Defendant's actions were intentional and in violation of Title VII.

## VII. DAMAGES

40. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered:

- Loss of earnings and financial benefits wrongly retained by Defendant, for which Plaintiff seeks restitution and equitable relief.
- Emotional distress
- Reputational harm
- Economic/non-economic damages and

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff;
b. Award back pay and front pay;
c. Award compensatory damages;
d. Award punitive damages (where permitted);
e. Award costs and attorney fees;
f. Grant such other relief as the Court deems just and proper; and
g. Award equitable restitution, including disgorgement of unlawfully withheld wages, benefits, and compensation, to restore Plaintiff to the position he would have occupied absent Defendant's unlawful conduct.

## IX. JURY DEMAND

36. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: _5-14-26_

_(signature)_

**JOHN E. WICKS**
*Plaintiff, Pro Se*
8713 N. 72nd Street
Milwaukee, WI 53223
(414) 335-6969
jwicks858@gmail.com

COMPLAINT FOR EMPLOYMENT DISCRIMINATION